IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JAMES ERIC CAGLE                                                                                    PLAINTIFF

v.                                           4:16CV00702-DPM-JJV

JAMES A. BOLTON, Jail Administrator,
Ouachita County Detention Facility                                            DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

      The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

      If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

      1.     Why the record made before the Magistrate Judge is inadequate.

      2.     Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.     The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

**I.     INTRODUCTION**

Plaintiff, James Eric Cagle, filed this action *pro se* on October 3, 2016. (Doc. No. 2.) After reviewing his Complaint, I entered an Order on October 5, 2016, offering Plaintiff an opportunity to amend, and to state exactly how Defendant Bolton violated his rights. (Doc. No. 3.) I stated, "Plaintiff's Complaint, as it now stands, is deficient and may be dismissed after thirty days of the date of this Order." (*Id.* at 6.) As of this date, Plaintiff has not amended his Complaint nor filed any additional pleadings. Accordingly, I find Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted.

**II.    SCREENING**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts." *Id.*

### III.    FACTS AND ANALYSIS

Plaintiff alleges, "I was placed in the [Arkansas Department of Correction] pod upon being incarcerated here even though I was a pretrial detainee. In the three weeks I was there I was severely scared, anxious, unable to sleep, eat at times. I feared for my life." (Doc. No. 2 at 4.) Plaintiff's allegations fail to state a claim of constitutional magnitude. Plaintiff does not allege any physical harm, and his allegations of emotional harm fail to state a claim upon which relief may be granted. A prisoner cannot sustain an Eighth Amendment claim unless he can show that he suffered some "actual injury." *See White v. Holmes*, 21 F.3d 277, 281 (8th Cir.1994) ("While a serious injury is not necessary, some actual injury is required in order to state an Eighth Amendment violation."). Therefore, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.    The Complaint (Doc. No. 2) be DISMISSED for failure to state a claim on which

relief may be granted.

2.    This dismissal be considered a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3.    The Court certify that an *in forma pauperis* appeal from an Order and Judgment dismissing this action will not be taken in good faith. 28 U.S.C. § 1915(a)(3).

DATED this 16th day of November, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] The statute provides that a prisoner may not file an *in forma pauperis* civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.